PER CURIAM.
This bar disciplinary proceeding is before the Court for consideration of the report of the referee. The uncontested report finds professional misconduct and recommends disbarment. The referee’s report has been filed with the Court pursuant to rule 3-7.-5(k)(2), and is to be considered pursuant to rule 3-7.6, of the Rules Regulating The Florida Bar.
The complaint filed by the bar charged that, in the course of handling a real estate closing, the respondent agreed to take the *1092 necessary steps to correct a title defect and to secure a policy of title insurance. He received a fee and the title insurance premium. Not only did the respondent fail to cure the title problem, the complaint alleged, but he also left the clients with the impression that the matter had been resolved. The clients discovered the respondent’s nonfeasance as a result of a subsequent attempt to dispose of the property.
The accused attorney did not respond to the complaint or appear at the hearing, but the referee found that proper service of the complaint and notice of the hearing were provided to the respondent. The referee found the respondent guilty of the charged misconduct.
By amended complaint the bar added a second count to the charges. Thereupon the referee found that pursuant to a plea of guilty the respondent was convicted in United States District Court of felonious violation of 18 U.S.C. § 1952(a), based upon his acts committed in furtherance of a plan to import marijuana. (In Florida Bar v. Phillips, No. 68,523 (April 15, 1986), respondent was suspended from the practice of law as a result of this felony conviction.)
The referee found respondent guilty of the following violations of Disciplinary Rules found in the former Florida Bar Code of Professional Responsibility: D.R. 1-102(A)(1) (violation of a disciplinary rule); D.R. 1-102(A)(3) (illegal conduct involving moral turpitude); D.R. 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); D.R. 6-101(A)(3) (neglect of a legal matter); D.R. 7-101(A)(2) (failure to carry out a contract for professional employment). The referee noted that the felony conviction was the primary basis for the recommendation of disbarment as the charge of neglect of clients' legal affairs might not, by itself, call for such a measure of discipline.
The respondent has not filed a petition for review of the referee’s report. Under the circumstances we find it appropriate to approve the report and adopt the recommended discipline.
William R. Phillips is hereby disbarred, effective immediately. The costs of the proceedings are taxed against the respondent. Judgment is entered against William R. Phillips in the amount of $628.15, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.